IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LEROY JENKINS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. **05-189-JPG** |
| ) | |
| **FAISA AHMED,** ) | |
| **JOVITA ANYANWU**[1]**,** ) | |
| **and PAM GRUBMAN,** ) | |
| Defendants. ) | |

### **REPORT and RECOMMENDATION**

This Report and Recommendation is respectfully submitted to District Judge J. Phil Gilbert pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Before the court is defendant Pam Grubman's Motion for Summary Judgment. **(Doc. 31)**. Defendant filed a Memorandum in Support **(Doc. 32)**, which is accompanied by exhibits, including defendant's affidavit, and portions of plaintiff's medical records.

Defendant served upon the pro se plaintiff the notice required by *Lewis v. Faulkner*, **689 F.2d 100, 102 (7th Cir. 1982)**. **(Doc. 33)**. Plaintiff filed a Response, to which he attached various exhibits. **(Doc. 38)**. Defendant filed a reply. **(Doc. 39)**.

### **Nature of Plaintiff's Claims**

Plaintiff Leroy Jenkins is an inmate in the custody of the Illinois Department of Corrections. He filed suit under 42 U.S.C. §1983, alleging that his Eighth Amendment rights were violated by defendants' deliberate indifference to his serious medical needs while he was assigned to Menard Correctional Center. As construed by the court on preliminary review, his

---

[1] Plaintiff incorrectly spelled the first name of defendant Anyanwu; the correct spelling is Jovita. See, Doc. 56.

allegations are as follows:

> Plaintiff states that in March 2004, he suffered from respiratory failure in the middle of the night. He was taken to the health care unit; Defendant Ahmed prescribed minoxidil for him. Several days later Plaintiff returned to the health care unit; his arms, legs, feet, hands and stomach had swollen to several times normal size, which he believes to be an allergic reaction to his medication. Defendant Anyanwu ordered that Plaintiff continue taking the minoxidil, but increased his dosage of a water pill in hopes of reducing the swelling. On March 11 Plaintiff suffered a heart attack and was taken to an outside hospital, where he remained in intensive care for several days. Tests revealed that he had 90% blockage in one artery. Plaintiff filed numerous requests for treatment, either a "stent procedure," bypass surgery, or medication to unblock the artery; he alleges that those requests were denied by Defendants Ahmed, Anyanwu and Grubman.

**Doc. 7, p. 1.**

Plaintiff appears to be complaining about two aspects of his medical care. First, he was given a medication, minoxidil, to which he claims he had an allergic reaction. Grubman's only relation to the drug incident is that, in response to his grievances, she allegedly incorrectly denied that he had an allergic reaction. Plaintiff is also contending that he has a 90% blockage of an artery, and he needs a stent procedure or surgery to correct this. The specific claim as to Grubman is that she, along with Drs. Ahmed and Anyanwu, are "determined to save money over corrective surgery." Plaintiff alleges that Dr. Ahmed told him that "no matter what, he nor Pam Grubman would [not] approve by-pass surgery." **Doc. 1, pp. 4-5.**

## Grounds for Summary Judgment

Defendant Pam Grubman is a registered nurse and was the administrator of the health care unit at Menard at the time of the events complained of. She argues that Jenkins cannot show deliberate indifference to his serious medical needs because, he has been under the care of doctors, and, as a nurse and health care administrator, she is not authorized to prescribe treatment and cannot override a physician's decisions about treatment.

## Standard for Summary Judgment

Summary judgment is appropriate under **Fed.R.Civ.P. 56** where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56©); see** *Celotex Corp. v. Catrett*, **477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).** The evidence is construed in the light most favorable to the non-moving party and all justifiable inferences are drawn in favor of that party. **See,** *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 255, 106 S.Ct. 2505, 2513-14 (1986).** Once the moving party has produced evidence to show that he or she is entitled to summary judgment, the non-moving party must affirmatively demonstrate that a genuine issue of material fact remains for trial. *Johnson v. City of Fort Wayne*, **91 F.3d 922, 931 (7th Cir. 1996).**

In responding to a summary judgment motion, the non-moving party may not simply reiterate the allegations contained in the pleadings; more substantial evidence must be presented at this stage. Moreover, a genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties," *Anderson*, **477 U.S. at 247**, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, **475 U.S. 574, 586 (1986).** Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson*, **477 U.S. at 252, 106 S.Ct. at 2512.**

Summary judgment is not barred by the mere existence of some factual dispute. *Anderson*, **477 U.S. at 248; see also,** *JPM Inc. v. John Deere Industrial Equipment Company*, **94 F.3d 270, 273 (7th Cir. 1996).** Only disputes as to facts that might affect the outcome of the suit in light of the substantive law are sufficient to defeat summary judgment. Disputes as to irrelevant or unnecessary facts do not preclude summary judgment. *Clifton v. Schafer*, **969 F.2d 278, 281 (7th Cir. 1992).**

Plaintiff is a *pro se* inmate, and his pleadings must be liberally construed. **Duncan v.Duckworth, 644 F.2d 653, 655 (7th Cir.1981).**

## Analysis

In order to prevail on his constitutional claim, plaintiff must satisfy the two-part test enunciated in **Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994)**. The test has an objective and a subjective component. That is, plaintiff must show (1) his condition was objectively serious, and (2) the defendant acted with deliberate indifference, which is a subjective standard. **Reed v. McBride, 178 F. 3d 849, 852 (7th Cir. 1999).** Liability under 42 U.S.C. §1983 is personal; there is no liability unless the defendant "caused or participated" in the deprivation of a constitutional right. **Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996)**. Thus, the two-prong **Farmer** test must be satisfied as to each defendant.

An inmate is not constitutionally entitled to "unqualified access to healthcare" or to the best care possible; rather, he is entitled only to "adequate medical care." **Johnson v. Doughty, 433 F.3d 1001, 1013 (7th Cir. 2006)**. It is proper to consider the "cost of treatment alternatives" in "determining what constitutes adequate, minimum-level medical care." ***Id.***

The court denied an earlier motion to dismiss filed by defendant Grubman because the record was not sufficiently developed as to the nature of her responsibilities as the health care unit administrator. The court noted that the complaint alleged that Grubman had the authority to approve or disapprove a course of treatment, and that she would not approve surgery because of the cost. **See, Doc. 29.** The present motion establishes the facts as to these issues, and is well-taken.

Grubman's affidavit, attached as **Exhibit 1 to Doc. 32**, states that she was the health care unit administrator at Menard from 1991 to March, 2006. She is still employed by the IDOC as the Public Health Coordinator. As health care unit administrator, her duties were "primarily

4

administrative to ensure offender medical services were being provided by the vendor via contract monitoring." Her duties included interviewing job candidates, answering inmate inquiries and grievance about health care, development and review of policies and procedures, general supervision and direction of departments in the health care unit, and making sure that administrative and institutional directives regarding health care services were being following. She specifically states that she is not a physician and is not trained or licensed to make medical diagnoses or prescribe treatment. Further, she states, "I cannot determine whether an inmate can have surgery, nor can I second guess the medical decisions made by licensed physicians. I also cannot disapprove a course of treatment that has been prescribed by a physician." **Exhibit 1, paragraph 6**

Grubman's affidavit establishes that she did not, as health care unit administrator, have the authority to approve or disapprove surgery or any other course of treatment for plaintiff. In his response, plaintiff argues that Grubman was in "continued consultation" with the medical director about his complaints and grievances, and that she thereby became one of the people that were deciding on the appropriate course of treatment. **See, Doc. 38.** This argument ignores the fact that, as a nurse, Grubman could not prescribe treatment. Her affidavit establishes that her duties included responding to complaints and grievances. Plaintiff attaches a number of letters from Grubman which indicate that she did review his medical records and speak with Dr. Ahmed in order to prepare responses to his grievances and inquiries. This does not change the fact that she did not have the authority to prescribe treatment or to countermand the doctors' orders.

Plaintiff also suggests that Grubman's affidavit is insufficient to establish the nature of her job duties or the scope of her authority. He suggests that she must produce a health care unit contract or a directive setting forth such information. This is incorrect. Grubman is competent

to testify about these subjects, and her affidavit is sufficient.  **Rule 56(c)**.

Further, the court notes that plaintiff seems to have abandoned his contention that the outside cardiologist who did the cardiac cath procedure in March, 2004, recommended surgery to unblock his artery.  In paragraph 3, he states that the cardiologist at the outside hospital recommended that he be treated with medicine and medical therapy.  **See, Doc. 38.**  This is consistent with Grubman's affidavit.  In paragraph 5, she states that the outside specialist recommended against surgical intervention, and recommended that plaintiff's condition be managed medically.  It is also consistent with the medical records attached to **Doc. 32**.

Under the recent case of ***Johnson v. Doughty*, 433 F.3d 1001 (7th Cir. 2006)**, the motion should be granted.  There, the Seventh Circuit held in similar circumstances that a grievance counselor, the warden, a member of the administrative review board, and the director of the IDOC were all entitled to summary judgment on the plaintiff's deliberate indifference claim.  The Seventh Circuit held that the grievance counselor who "investigated the situation, made sure that the medical staff was monitoring and addressing the problem, and reasonably deferred to the medical professionals' opinions" was not deliberately indifferent.  ***Johnson*, 433 F.3d at 1010.**  The other defendants were also entitled to summary judgment because they "reasonably relied" on the fact that the inmate was being seen by the medical staff.  ***Johnson*, 433 F.3d at 1011.**  The court in ***Johnson*** also affirmed judgment after a bench trial in favor of the health care unit administrator where he investigated the situation, referred the inmate to a doctor, and reasonably relied on the doctor's opinion.  ***Johnson*, 433 F.3d at 1015.**

In ***Johnson***, the plaintiff alleged that the defendants ignored his complaints of pain associated with a hernia, and were deliberately indifferent to his need for surgery.  The court noted that the defendants could not be expected to determine whether the plaintiff actually

needed surgery, and were entitled to rely on the opinions of the doctors who were treating the plaintiff. "Except in the unusual case where it would be evident to a layperson that a prisoner is receiving inadequate or inappropriate treatment, prison officials may reasonably rely on the judgment of medical professionals." **Johnson, 433 F.3d at 1011 (internal citation omitted.)**

The facts regarding Grubman's liability are similar to the facts in **Johnson**. Plaintiff's medical situation was being addressed by the doctors. As a nurse and health care unit administrator, Grubman did not have the authority to countermand the doctors' orders or to order treatment herself. Plaintiff has presented absolutely no evidence to suggest that, as he initially claimed, Grubman overruled a doctor's recommendation for surgery due to cost.

### Recommendation

This court recommends that defendant Pam Grubman's Motion for Summary Judgment. **(Doc. 31)** be **GRANTED**.

If this recommendation is adopted in its entirety, only the claims for deliberate indifference against defendants Ahmed and Anyanwu will remain pending. Those defendants were just served in April and May, 2007.

Objections to this Report and Recommendation must be filed on or before July 24, 2007.

**Submitted: July 5, 2007.**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**

7