IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LEROY JENKINS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. **05-189-JPG** |
| | ) |
| **FAISA AHMED,** | ) |
| **JOVITA ANYANWU**[1]**,** | ) |
| **and PAM GRUBMAN,** | ) |
| Defendants. | ) |

## REPORT and RECOMMENDATION

This Report and Recommendation is respectfully submitted to District Judge J. Phil Gilbert pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Before the Court is defendants' Motion for Summary Judgment, filed by defendants Ahmed and Anyanwu. **(Doc. 62)**. The motion is accompanied by a memorandum in support and a number of exhibits. **(Doc. 63)**. Defendants served upon the pro se plaintiff the notice required by ***Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)**. **(Doc. 64)**. Plaintiff has filed a response. **(Doc. 68)**.

## Nature of Plaintiff's Claims

Plaintiff Leroy Jenkins is an inmate in the custody of the Illinois Department of Corrections. He filed suit under 42 U.S.C. §1983, alleging that his Eighth Amendment rights were violated by defendants' deliberate indifference to his serious medical needs while he was assigned to Menard Correctional Center. As construed by the court on preliminary review, his allegations are as follows:

---

[1] Plaintiff incorrectly spelled the first name of defendant Anyanwu; the correct spelling is Jovita. See, Doc. 56.

1

> Plaintiff states that in March 2004, he suffered from respiratory failure in the middle of the night. He was taken to the health care unit; Defendant Ahmed prescribed minoxidil for him. Several days later Plaintiff returned to the health care unit; his arms, legs, feet, hands and stomach had swollen to several times normal size, which he believes to be an allergic reaction to his medication. Defendant Anyanwu ordered that Plaintiff continue taking the minoxidil, but increased his dosage of a water pill in hopes of reducing the swelling. On March 11 Plaintiff suffered a heart attack and was taken to an outside hospital, where he remained in intensive care for several days. Tests revealed that he had 90% blockage in one artery. Plaintiff filed numerous requests for treatment, either a "stent procedure," bypass surgery, or medication to unblock the artery; he alleges that those requests were denied by Defendants Ahmed, Anyanwu and Grubman.

**Doc. 7, p. 1.**

Plaintiff appears to be complaining about two aspects of his medical care. First, he was given a medication, minoxidil, to which he claims he had an allergic reaction. Plaintiff is also contending that he has a 90% blockage of an artery, and he needs a stent procedure or surgery to correct this. According to plaintiff, Drs. Ahmed and Anyanwu, are "determined to save money over corrective surgery." Plaintiff alleges that Dr. Ahmed told him that "no matter what, he nor Pam Grubman would [not] approve by-pass surgery." **Doc. 1, pp. 4-5.**

Summary judgment has been granted in favor of defendant Pam Grubman. **See, Doc. 66**.

## Grounds for Summary Judgment

Drs. Ahmed and Anyanwu assert qualified immunity on plaintiff's claims of deliberate indifference.

## Standard for Summary Judgment

Summary judgment is appropriate under **Fed.R.Civ.P. 56** where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56©);  see** *Celotex Corp. v. Catrett*, **477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).** The evidence is construed in the light most

favorable to the non-moving party and all justifiable inferences are drawn in favor of that party. **See,** ***Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513-14 (1986).** Once the moving party has produced evidence to show that he or she is entitled to summary judgment, the non-moving party must affirmatively demonstrate that a genuine issue of material fact remains for trial.  ***Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996).**

In responding to a summary judgment motion, the non-moving party may not simply reiterate the allegations contained in the pleadings; more substantial evidence must be presented at this stage.  Moreover, a genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties," ***Anderson*, 477 U.S. at 247**, or by "some metaphysical doubt as to the material facts," ***Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).**  Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." ***Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512.**

Summary judgment is not barred by the mere existence of some factual dispute. ***Anderson*, 477 U.S. at 248; see also,** ***JPM Inc. v. John Deere Industrial Equipment Company*, 94 F.3d 270, 273 (7th Cir. 1996).**  Only disputes as to facts that might affect the outcome of the suit in light of the substantive law are sufficient to defeat summary judgment.  Disputes as to irrelevant or unnecessary facts do not preclude summary judgment.  ***Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992).**

Plaintiff is a *pro se* inmate, and his pleadings must be liberally construed.  ***Duncan v.Duckworth*, 644 F.2d 653, 655 (7th Cir.1981).**

## Analysis

When a defendant asserts qualified immunity, the court's initial inquiry must be whether

the facts, taken in the light most favorable to the plaintiff, show a violation of plaintiff's constitutional rights.  **Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156 (2001)**.  Here, the facts alleged by plaintiff demonstrate no more than a disagreement about the better course of treatment, or, at worst, negligence on the part of defendants.  Because the facts do not demonstrate a violation of plaintiff's constitutional rights, defendants' motion should be granted.

The Eighth Amendment prohibits "deliberate indifference to serious medical needs."***Oliver v. Deen*, 77 F.3d 156, 159 (7th Cir.1996)** (quoting ***Estelle v. Gamble*, 429 U.S. 97, 97 St. Ct. 285 (1976)**).  Unnecessary pain and suffering, <u>if sufficiently serious</u>, may implicate the Eighth Amendment.  **See, *Estelle*, 97 S. Ct. at 290.**  In order to prevail on his constitutional claim, plaintiff must show that the failure to treat was due to a defendant's deliberate indifference to his serious medical needs.  Plaintiff must satisfy the two-part test enunciated in ***Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994)**.  The test has an objective and a subjective component.  That is, plaintiff must show both that (1) his condition was objectively serious, and (2) the defendant acted with deliberate indifference, which is a subjective standard.  ***Reed v. McBride*, 178 F. 3d 849, 852 (7th Cir. 1999).**

A condition is objectively serious if "failure to treat [it] could result in further significant injury or unnecessary and wanton infliction of pain."  ***Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir.1997)**.

The subjective prong of the *Farmer* test requires that plaintiff show that defendant acted with a sufficiently culpable state of mind, "something akin to criminal recklessness."  ***Norfleet v. Webster*, 439 F.3d 392, 397 (7th Cir. 2006).**  Negligence or medical malpractice does not meet this standard.  ***Id.*, at 396**; ***Estelle*, 97 S. Ct. at 292; *Wood v. Woracheck*, 618 F.2d 1225 (7th Cir. 1980)**.  Likewise, the provision of a course of treatment other than that preferred by the

inmate will not create liability.  *Estelle*, **97 S. Ct. at 293;** *Burns v. Head Jailor*, **576 F. Supp. 618 (N.D. Ill. 1984).**  An inmate has no right to a particular course of treatment of his choosing. *Meriweather v. Faulkner*, **821 F.2d 408, 413 (7th Cir. 1987).**

An inmate is not constitutionally entitled to "unqualified access to healthcare" or to the best care possible; rather, he is entitled only to "adequate medical care." *Johnson v. Doughty*, **433 F.3d 1001, 1013 (7th Cir. 2006)**.  It is proper to consider the "cost of treatment alternatives" in "determining what constitutes adequate, minimum-level medical care." *Id.*

Plaintiff makes two distinct claims regarding Minoxidil.  First, he claims he suffered respiratory failure on March 3, 2004, and that Dr. Ahmed prescribed Minoxidil without first testing to see if plaintiff had an allergy to that drug.  **Doc. 1. p. 4**.  Secondly, he claims that he experienced swelling in various parts of his body, for which he was seen by Dr. Anyanwu in the health care unit on March 9 and March 10, 2004.  Plaintiff believes that this swelling was an allergic reaction to the Minoxidil.  Dr. Anyanwu did not discontinue the Minoxidil.  Instead, he increased the dosage of the water pill that plaintiff was taking along with the Minoxidil.  **Doc. 1, pp. 4-5.**

The facts alleged by plaintiff do not establish a constitutional violation.   Plaintiff presented to the health care unit with respiratory failure, and Dr. Ahmed prescribed medical treatment for him.  Plaintiff does not claim that he informed Dr. Ahmed at that time that he was allergic to Minoxidil.  (In fact, the record does not establish that plaintiff is, in fact, allergic to the drug at all.  The records of the cardiac cath unit on March 15, 2004, note that plaintiff is allergic to "monoxidel."  However, there is no record of any allergy testing, and it is unknown where that information came from.  Page 34 of the St. Elizabeth's records indicates that the

plaintiff told a cardiac cath unit technologist that he had had an allergic reaction.[2]  There are also notations in the Hospital records which state that plaintiff has no known allergies.  **See, pages 63, Discharge Medication Orders; page 124, Nursing Assessment**.)  The court will construe the record in the light most favorable to plaintiff and will assume for purposes of this Report and Recommendation that plaintiff did in fact have some type of adverse reaction to the drug Minoxidil.

Failing to test for an allergic reaction to a drug before prescribing it may or may not constitute negligence, but it certainly does not constitute deliberate indifference.  Likewise, the decision to continue the drug on March 9 and March 10, 2004, does not constitute deliberate indifference.  When plaintiff complained about swelling, Dr. Anyanwu increased the water pill but continued the Minoxidil.  These are treatment decisions.  "To infer deliberate indifference on the basis of a physician's treatment decision, the decision must be so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment."  ***Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006)**.

Plaintiff's third claim relates to Dr. Ahmed's "refusal" to provide him with treatment after he returned to Menard from St. Elizabeth's Hospital.  Plaintiff was admitted to St. Elizabeth's on March 11, 2004, with diagnoses of respiratory failure and acute congestive heart failure.  He was noted to suffer from chronic obstructive pulmonary disease.  **Hospital records, p. 11.**  A cardiac cath procedure performed on March 15, 2004, at St. Elizabeth's revealed that plaintiff had extensive blockage of the right coronary artery.  He was seen by Dr. Anil Shah on a cardiac consultation while in the hospital to assess the need for possible angioplasty.  Dr. Shah

---

[2]The records from St. Elizabeth's Hospital are attached as a series of exhibits to **Doc. 63.**  The pages are numbered sequentially in the lower right hand corner.

recommended "continuation of medical treatment." He recommended against angioplasty, stating that such a procedure would not offer good results because of the "diffuse nature" of the blockage. **Hospital records, pp. 14-15.** Plaintiff was discharged from the hospital on March 17, 2004, in "good condition." **Hospital records, p. 11.**

In these circumstances, Dr. Ahmed's refusal to authorize surgery to unblock plaintiff's artery does not violate plaintiff's constitutional rights. The cardiac specialist at St. Elizabeth's Hospital recommended against such surgery. Plaintiff has not presented any evidence to indicate that he has a serious medical need for such a procedure. He is not entitled to receive such surgery on demand. *Meriweather v. Faulkner*, **821 F.2d 408, 413 (7th Cir. 1987).**

Plaintiff also suggests that he was not given appropriate medication for some months after he was discharged from the hospital. However, he admits that he was seen by Dr. Ahmed and that medications were prescribed for him. **See, medical records attached to Complaint, Doc. 1**. Though he may not have been given the precise drug that he wanted, again, such a disagreement about the proper course of treatment does not rise to the level of a constitutional violation. *Estelle*, **97 S. Ct. at 293**. The constitution mandates only that he receive "adequate, minimum-level medical care." *Johnson v. Doughty*, **433 F.3d at 1013.**

### Recommendation

Because the facts alleged by plaintiff do not demonstrate a violation of his constitutional rights, defendants are entitled to qualified immunity. This court recommends that defendants' Motion for Summary Judgment **(Doc. 62)** be **GRANTED**. Summary judgment should be entered in favor of defendants Ahmed and Anyanwu on all claims.

If this recommendation is adopted in its entirety, no claims will remain pending

Objections to this Report and Recommendation must be filed on or before **October 26,**

**2007.**

**Submitted: October 9, 2007.**

> **s/ Clifford J. Proud**
> **CLIFFORD J. PROUD**
> **UNITED STATES MAGISTRATE JUDGE**